IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | | |
|---|---|---|
| SHAPAT AHDAWAN NABAYA, | ) | |
| Pro se Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:14cv257 (REP) |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Commissioner of Social Security, et al., | ) | |
| Defendants. | ) | |
| | ) | |

## REPORT AND RECOMMENDATION

Shapat Ahdawan Nabaya ("Plaintiff"), proceeding *pro se*, seeks judicial review of the denial of social security benefits pursuant to 42 U.S.C. § 405(g). Plaintiff, who lives in Richmond, Virginia, originally filed this suit in the United States District Court for the District of Columbia, because Plaintiff has been enjoined from filing cases in the Eastern District of Virginia. After finding that Plaintiff resides within the Eastern District of Virginia, the United States District Court for the District of Columbia transferred the action to this Court. The Court of Appeals for the District of Columbia Circuit denied Plaintiff's appeal.

This matter is before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) on Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) to initiate the suit. For the reasons set forth below, the Court recommends that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) be DENIED and that the case be DISMISSED, because Plaintiff fails to meet the requirements of a pre-filing injunction imposed by the Court.

I.      Background

Plaintiff[1] and his wife have a history of filing frivolous lawsuits in this district. *See* Civil

Action Nos. 3:07cv381, 3:08cv583, 3:08cv665.  On October 14, 2008, Plaintiff and his wife

initiated a case against Suntrust Mortgage, Inc., alleging that Suntrust violated IRS laws in

connection with Suntrust's foreclosure of Plaintiff's property following Plaintiff's default on his

mortgage payments. *Abbott v. Suntrust Mortgage, Inc.,* 3:08cv665, Compl. (ECF No. 1)

(E.D.Va. Oct. 14, 2008).  On April 8, 2009, after finding that Plaintiff and his wife acted in bad

faith while litigating the suit and that their case lacked merit, this Court issued an injunction that

enjoined Plaintiff and his wife from filing actions in the United Stated District Court for the

Eastern District of Virginia without leave from the Court and ordered Plaintiff and his wife to

jointly and severally pay a sanction of $1,000 to Suntrust.  *Abbott,* 3:08cv665, Order (ECF No.

53) at 1-2 (E.D.Va. Apr. 8, 2009).  The Court further ordered that any motion for leave to file a

suit must include a copy of the order imposing the injunction, a copy of the complaint for the

proposed suit, a sworn affidavit asserting that the claims presented in the proposed complaint

have not been previously presented or disposed of in a previous court proceeding and proof that

Plaintiff or his wife satisfied the $1,000 sanction payable to Suntrust.  *Id.* at 2.

II.      Procedural History

On September 26, 2013, Plaintiff initially moved for leave to file this suit *in forma*

*pauperis* in the United States District Court for the District of Columbia ("D.C. District Court")

to seek social security benefits on the basis that he is disabled and entitled to benefits. *Nabaya v.*

---

[1]      Here, Plaintiff uses the name Shapat Ahdawan Nabaya.  (Compl. (ECF No. 1) at
1.)  Plaintiff has also filed cases under the name of Norman Abbott.  *See Abbott v. Suntrust
Mortgage, Inc.,* 3:08cv665 (E.D.Va. 2008).

*Comm'r of Soc. Sec.*, 1:13cv1481, Compl. at 3 (D.D.C. Sept. 26, 2013); (Mot. for Leave to Proceed *in forma pauperis* ("Mot. to Proceed IFP") (ECF No. 2) at 1-2). In his petition, Plaintiff indicated that he earned no money from salary, but received pension payments in the amount of $2,370.00 and rent proceeds in the amount of $960.00 each month. (Mot. to Proceed IFP at 1.) Plaintiff had $30.00 in a savings account and listed no assets of value. (Mot. to Proceed IFP at 2.) Plaintiff claimed to have medical debts and noted that his wife is totally dependent upon him for support. (Mot. to Proceed IFP at 2.) His monthly expenses included rent payments in the amount of $966.00, grocery bills totaling $900.00, a cellphone bill of $145.00 and auto insurance costing $66.00. (Mot. to Proceed IFP at 2.)

Because Plaintiff resides in Richmond, Virginia, venue lies in the Eastern District of Virginia pursuant to the Social Security Act. Therefore, the D.C. District Court transferred the matter to this Court without deciding Plaintiff's petition to proceed *in forma pauperis*. (Transfer Order (ECF No. 4) at 1). Plaintiff appealed the D.C. District Court's decision to the United States Court of Appeals for the District of Columbia Circuit *in forma pauperis*, arguing that the case should remain in the D.C. District Court. In doing so, Plaintiff acknowledged that he is enjoined from filing cases in the Eastern District of Virginia. *Nabaya v. Comm'r of Soc. Sec.*, 13-5311, Pet. for Writ of Mandamus at 2 (D.C. Cir. Oct. 23, 2013). The Court of Appeals for the District of Columbia Circuit denied Plaintiff's appeal, finding that the D.C. District Court did not abuse its discretion in transferring this case despite the existence of a pre-filing injunction. *Nabaya v. Comm'r of Soc. Sec.*, 13-5311, Order at 1 (D.C. Cir. Jan. 16, 2014). Therefore, on April 9, 2014, the case was transferred to this Court.

## III. STANDARD OF REVIEW

Courts may authorize commencement of a lawsuit without requiring payment of the filing fees upon a litigant's showing of an inability to pay such fees. 28 U.S.C. § 1915(a). Proceeding *in forma pauperis* does not require a showing that a litigant is "completely destitute." *Adkins v. E.I DuPont de Nemours & Co.*, 355 U.S. 331, 337 (1948). Instead, granting or denying applications to proceed *in forma pauperis* resides in the discretion of the district courts. *Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980). Petitions to proceed *in forma pauperis* may be denied if the petitioner's claim of poverty is untrue or the underlying claims in the suit are frivolous or malicious. 28 U.S.C. § 1915(e)(2).

While district courts retain broad discretion in determining applications to proceed *in forma pauperis,* no clear Fourth Circuit precedent exists as to a Magistrate Judge's authority to decide these petitions. Generally, a Magistrate Judge has the authority to:

> determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action.

28 U.S.C. § 636(b)(1)(A). However, § 636 does not specifically address a Magistrate Judge's authority to rule upon motions to proceed *in forma pauperis*. In an unpublished opinion, the Fourth Circuit found that, absent consent of the parties to Magistrate Judge jurisdiction, a Magistrate Judge could not enter an order denying a motion to proceed *in forma pauperis* on the basis that such a ruling would be dispositive and, therefore, such a ruling would fall outside of

4

the scope of a Magistrate Judge's authority. *Gent v. Radford University*, 187 F.3d 629, at *1 (4th Cir. 1999) (unpublished).

Other circuits have addressed the issue of a Magistrate Judge's authority to rule upon a petition to proceed *in forma pauperis*. The Sixth Circuit determined that "[a] district judge is free to refer a motion for pauper status to a magistrate and if the decision is to grant such a motion, the magistrate may enter such an order. If the decision is to deny, however, the magistrate must make such a recommendation to the district judge who will then take final action." *Woods v. Dahlberg*, 894 F.2d 187, 187-88 (6th Cir. 1990). The court reasoned that denying a motion to proceed *in forma pauperis* constitutes the procedural equivalent of involuntarily dismissing a case, which is outside the scope of a Magistrate Judge's authority. *Id.* at 187 (citing 28 U.S.C. § 636(b)(1)(A)). Other courts have applied the same rationale in finding that Magistrate Judges lack the authority to enter an order denying a petition to proceed *in forma pauperis*. *See, e.g., Lister v. Department of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Donaldson v. Ducote*, 373 F.3d 622, 623-25 (5th Cir. 2004). Consequently, a Magistrate Judge should issue a report and recommendation regarding a denial of a motion to proceed *in forma pauperis* that then allows for *de novo* review by the district court pursuant to 28 U.S.C. § 636(b). *Woods*, 894 F.2d at 187-88.

## IV. ANALYSIS

Against this backdrop, the Court is prepared to issue a report and recommendation on Plaintiff's motion. Plaintiff seeks to file this suit *in forma pauperis* on the basis that his financial situation imposes an undue hardship upon his ability to pay the filing fee associated with initiating a suit. (Mot. to Proceed IFP at 1-2.) Upon due consideration, Plaintiff's financial

situation likely meets the standard to proceed *in forma pauperis* under 28 U.S.C. § 1915(e)(2), in light of his unemployment, living expenses, medical debts and his support of his dependent wife in comparison to the income that he receives from pension payments and rents collected.

However, this Court previously enjoined Plaintiff from filing actions in this District without leave from the Court. *Abbott*, 3:08cv665, Order (ECF No. 53) at 1-2 (E.D. Va. Apr. 8, 2009). To obtain leave, Plaintiff must include a copy of the order imposing the injunction, a copy of the complaint for the proposed suit, a sworn affidavit asserting that the claims presented in the proposed complaint have not been previously presented or disposed of in a previous court proceeding and proof that Plaintiff satisfied a $1,000 sanction issued by this Court in  previous litigation. *Id.* When a plaintiff is enjoined from filing an action without leave of the court and fails to seek such leave, but moves to proceed *in forma pauperis*, denial of the petition to proceed *in forma pauperis* and dismissal of the claim is appropriate. *Sassower v. Willcox*, 947 F.2d 942, at *1 (4th Cir. Oct. 25, 1991) (unpublished).

Plaintiff did not seek leave of the Court to initiate the suit and failed to meet the pre-filing requirements set forth by the Court's injunction. Admittedly, Plaintiff originally filed this case in the District of Columbia to avoid such requirements. *Nabaya v. Comm'r of Soc. Sec.*, 13-5311, Pet. for Writ of Mandamus at 2 (D.C. Cir. Oct. 23, 2013). As such, the Court recommends that Plaintiff's Motion to Proceed *in forma pauperis* be denied and the case be dismissed.

## V.  CONCLUSION

For the reasons stated above, the Court recommends that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) be DENIED and that the case be DISMISSED.

Let the Clerk file this Report and Recommendation electronically, forward a copy to the Honorable Robert E. Payne and send a copy to Plaintiff at his address of record.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a de novo review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

/s/

David J. Novak
United States Magistrate Judge

Richmond, Virginia
Date: May 8, 2014